### HARRIMAN v. THE ROCKAWAY BEACH PIER CO.

#### (District-Court, E. D. New York. July 20, 1881.)

1. JURISDICTION—ATTACHMENT—STIPULATION.

Where property was attached upon process issued in an action *in personam*, the defendant not being found, and the next day the secretary of the corporation defendant appeared and offered to accept service, and a motion before the court to vacate the attachment being denied, the property seized was afterwards released upon a stipulation for its value voluntarily given by the defendant, and the action was then tried, *held*, that it was not open to the stipulators to say that the court had not acquired jurisdiction to enter a decree upon the stipulation; that the libellants were entitled to a decree because the marshal's return showed a regular attachment, and the evidence shows that it was made before the appearance of the defendant, and its offer to accept service was made.

In Admiralty.

*Benedict, Taft & Benedict*, for libellant.

*Elihu Root*, for respondents.

BENEDICT, D. J. This is an action *in personam* upon a charter-party. There appears to be no dispute in regard to the liability.

The only question raised relates to the jurisdiction of the court. The libel was filed on the nineteenth of August, 1880, and process therein was issued on the same day. By the terms of the process the marshal was directed, in case the defendant could not be found within his district, to attach their goods and chattels within the district, to the amount sued for. On the return-day of the process the marshal made return that the respondent could not be found, and he had attached the iron pier, and property pertaining thereto, at Rockaway beach, property of the respondents. This was on August 19th, the day the process was issued. A motion was then made on the part of the defendant to vacate the attachment upon two grounds, namely: that the iron pier was not goods and chattels within the meaning of the process; and, *second,* that the defendants could have been found by the exercise of reasonable dilligence on the part of the marshal. The motion was granted as to the iron pier upon the ground first above stated. It was denied as to the rest of the property.* Thereafter the defendant filed a stipulation to abide by and pay the amount of any final decree that might be awarded in the cause, and upon filing such a stipulation obtained the discharge from custody of the goods and chattels then held in custody by the marshal by virtue of the process. The cause was subsequently tried upon pleadings and proofs, when the position was taken that the goods and chattels which the marshal had returned as having been attached by him on the nineteenth of August, were not, in fact, attached by him until after the twentieth of August, and that inasmuch as on the twentieth of August the defendant, by its secretary, had appeared at the marshal's office and offered to accept service of the process, a subsequent attachment of goods and chattels of the defendant could not confer jurisdiction upon the court.

One difficulty with this position is that the jurisdiction of the court does not depend upon the attachment made by the marshal, but upon the stipulation given by the defendant. This stipulation was without qualification. It was given voluntarily, and not in obedience to any order of the court. It was not necessary to the defence of the cause, nor in any way compelled. By virtue of this stipulation the defendant acquired possession of property then in the possession of the marshal. Under such circumstances, I do not see how it can be open to the stipulators upon that stipulation to say that the court has not acquired jurisdiction to enter a decree upon the stipulation.

*See *Harriman* v. *The Rockaway Beach Pier Co.* 5 FED. REP. 461.

Nor does it make any difference that at the time of giving the stipulation the defendant filed an appearance containing a qualification. Jurisdiction over the parties to the stipulation was acquired by the stipulation given, and not by the appearance; and, as before stated, the stipulation was without qualification. But if it be open to the defendants, after giving such a stipulation, to deny the jurisdiction of the court over the parties to that stipulation, still the libellants are entitled to a decree, and upon two grounds:

*First,* because the marshal's return shows a regular attachment of the goods and chattels seized, and it is conceded that such property belonged to the defendant; that return not having been set aside by the court, upon motion, is in this stage of the case conclusive to show that the court acquired jurisdiction of such goods and chattels. *Second,* because the evidence outside of the return shows that the marshal did in fact on the nineteenth of August, 1880, and before the day on which the defendant, by its secretary, appeared at the marshal's office and offered to accept service of the process, attach the goods and chattels of the defendant, which were subsequently released from custody upon the giving of the stipulation to pay the decree.

The question argued in the defendant's brief in regard to the ability of the marshal to find the defendant on the nineteenth of August, when he received the process, is outside the case as presented on the trial.

There must, therefore, be a decree for the libellant for the amount of the claim, with interest. The amount of the decree can no doubt be agreed on. If not, let there be a reference.